UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL BOYKINS,

        Plaintiff,

v.

TRINITY, INC., ET AL.,

        Defendants.

                              /

Case No. 18-13931

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [42]; DENYING AS MOOT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [23, 24]; AND LIFTING THE STAY**

On January 29, 2020, the Court partially stayed this case upon Defendant's motion to stay. (ECF No. 31). Defendants had moved to stay the case upon learning that Plaintiffs intended to add two nurses as Defendants. The Court held, "[i]f Plaintiff intends to amend her complaint, as she indicated in her responses to Defendants' motions for judgment on the pleadings, she must seek leave from the Court, in accordance with Local Rule 15.1, no later than ten days after her claims under MCL 600.2912 become ripe." (ECF No. 37, PageId.1103).

Plaintiff filed its motion for leave to file a first amended complaint on May 27, 2020, nine days after its claims became ripe according to MCL 600.2912 (on May 18, 2020).

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure permits a district court to grant a Plaintiff leave to amend his complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

## ANALYSIS

Defendants removed this case to federal court on December 17, 2018. (ECF No. 1). A scheduling order was not issued until April 22, 2019, and Defendants moved for judgment on the pleadings on October 14, 2019. (ECF Nos. 13, 23, 24). Following a conference, the Court on January 27, 2020 stayed the case until Plaintiff could amend her complaint to add the two nurses, while also allowing some discovery to proceed. (ECF No. 37). On February 27, 2020, the Court entered a stipulated order allowing Plaintiff to amend her complaint to replace Jane Doe and Jane Doe II with actual names. (ECF N0. 39). This litigation is still in its early stages.

Defendants argue that the proposed amendments have been filed too late. They observe that Plaintiff knew of the nurses' identity since the beginning of the lawsuit. They note that although leave to amend should be freely given, a different standard applies when leave to amend would require modification of a Rule 16 scheduling order.

"In such a case, 'the movant must demonstrate "good cause" for his failure to move to amend at a time that would not have required modification of the scheduling order'." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (quoting *Leary,* 349 F.3d at 905–09).

Defendants argument is not persuasive. First, Plaintiff need not demonstrate good cause under Rule 16 in this case, because the Court has already stayed the case, necessitating a renewed scheduling order. The Court's primary inquiry is therefore whether Defendants are prejudiced by the amendment. They are not. Discovery has yet to conclude in this case, and because the case involves a single discrete incident, the death of Carl Johnson, Jr., the amendments do not expand the factual inquiry of discovery.

Second, Plaintiff's amendments appear to have been made with diligence. Defendants observe that Plaintiff did not learn that they were nurses until September 18, 2019, when Defendants provided their professional designations in their interrogatory answers. On November 18, 2019, Plaintiff served Defendants with her notice of intent to sue under MICH. COMP. LAW § 600.2912b. That statute requires a 182-day waiting period prior to filing a medical malpractice claim against a health practitioner. 191-days later, Plaintiffs filed their motion for leave to amend their complaint.

Defendants take issue with the fact that a gross negligence claim is included in addition to a medical malpractice claim. The two claims, however, implicate the same

underlying facts. There is no reason to fault Plaintiff for deciding not to file the gross negligence claims as soon as possible, as opposed to waiting until the medical malpractice claims were ripe to file them together. Nor is there reason to fault Plaintiff for choosing not to add the nurses to the lawsuit before learning that they were nurses.

Plaintiff will be permitted to file her First Amended Complaint. Defendants' Motions for Judgment on the Pleadings [23 & 24] are now moot and will be denied without prejudice. *See KBT Group, LLC v. City of Eastpointe*, No. 18-10409, 2019 WL 1556194 * 3 (E.D. Mich. Apr. 10, 2019) (explaining that since an amended complaint supersedes the original complaint, a motion to dismiss the original complaint is moot).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint [42] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motions for Judgment on the Pleadings [23, 24] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the January 29, 2020 stay of the case is **LIFTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: June 30, 2020    Senior United States District Judge