UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL BOYKINS,

        Plaintiff,

        v.

TRINITY, INC., ET AL.,

        Defendants.

Case No. 18-13931

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

/

**ORDER OVERRULING DEFENDANTS' OBJECTION [83] TO THE MAGISTRATE JUDGE'S SEPTEMBER 15, 2020 ORDER [82]**

This action arises out of the July 10, 2018 death of Carl Johnson, Jr. On December 13, 2019, Defendants moved to stay the case upon learning that Plaintiff intended to amend her Complaint to name additional defendants. (ECF No. 31). On January 29, 2020, the Court granted in part and denied in part that Motion [31], staying the dispositive motion deadline until May 18, 2020, but instructing Defendants to "provide the discoverable documentation that Plaintiff requests within 28 days" and schedule depositions "shortly thereafter." (ECF No. 37, PageID.1102-03). The Court also denied as moot Plaintiff's Motion to Strike Objections and Compel Responses [25], which Plaintiff had filed in response to Defendants' alleged

1

failure to adequately respond to Plaintiff's initial discovery requests. (*Id.*). Since then, Plaintiff has filed an Amended Complaint [48], Defendants Trinity and Detroit Public Schools Community District ("DPSCD") have moved to dismiss [52, 53], and, as discussed in greater detail below, the parties have continued to struggle to resolve discovery issues.

On July 16, 2020, Plaintiff filed a second Motion to Strike and Compel Responses. (ECF No. 50). On July 18, 2020, the Court referred the Motion [50] to Magistrate Judge Elizabeth A. Stafford for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 51). On September 15, 2020, Magistrate Judge Stafford issued an Opinion and Order granting Plaintiff's Motion [50] and ordering sanctions pursuant to FED. R. CIV. P. 37(a)(5)(A). (ECF No. 82). Defendants filed Objections on September 28, 2020. (ECF No. 83). Plaintiff responded on October 6, 2020. (ECF No. 85). For the reasons articulated below, Defendants' Objections [83] will be overruled.

## LEGAL STANDARD

A district judge reviewing a Magistrate Judge's ruling on a non-dispositive matter does so according to the "clearly erroneous" or "contrary to law" standard of review set forth in FED R. CIV. P. 26(a). *See* 28 U.S.C. § 636(b)(1)(A). Factual findings are accorded great deference. The "clearly erroneous" standard does not

2

permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently. *Anderson v. City of Bessemer*, *N.C.*, 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions are afforded less deference. "This Court is free to exercise its independent judgment with respect to the legal conclusions reached by the Magistrate." *Hawkins v. Ohio Bell Tel. Co.*, 93 F.R.D. 547, 551 (S.D. Ohio 1982), *aff'd*, 785 F.2d 308 (6th Cir. 1986).

## ANALYSIS

Defendants raise two objections to the Magistrate Judge's Order [83]. First, Defendants argue that the Magistrate Judge erred in granting Plaintiff's Motion [50] due to Plaintiff's failure to strictly comply with FED. R. CIV. P. 37(a)(1) and Local Rules 7.1 and 37.1. (ECF No. 83, PageID.2056). Second, Defendants argue that the Magistrate Judge erred in awarding Plaintiff reasonable expenses in light of FED. R. CIV. P. 37(a)(5)(A)(i). (ECF No. 83, PageID.2060). These arguments are unpersuasive.

FED. R. CIV. P. 37(a)(1) requires a party moving to compel discovery to include in their motion "a certification that the[y] . . . ha[ve] in good faith conferred

3

or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff indeed failed to include such a certification, however, this error is not necessarily fatal. *See, e.g.*, *Threet v. Phillips*, No. 14-CV-13345, 2016 U.S. Dist. LEXIS 146630, at *3 (E.D. Mich. Oct. 24, 2016). Indeed, the Magistrate Judge found that Plaintiff *had* attempted in good faith to obtain disclosure or discovery without court action. (ECF No. 82, PageID.2044). Accordingly, it was not clear error for her to overlook the technical requirement that the motion include a certification to that effect. *See Murphy v. Birkett*, No. 10-11676, 2011 U.S. Dist. LEXIS 136102, at *3 (E.D. Mich. Nov. 28, 2011) (noting that a "magistrate judge enjoys substantial discretion" in dealing with pretrial proceedings, including discovery motions).

The same can be said about the Magistrate Judge's choice to relax the requirements imposed by the Eastern District of Michigan's Local Rules. Collectively, Local Rules 7.1 and 37.1 here required Plaintiff to seek concurrence from Defendants and, in the absence of receiving concurrence, to confer with Defendants and make a good faith effort to narrow the areas of disagreement. Though Plaintiff does not appear to have formally sought concurrence pursuant to L.R. 7.1, the Magistrate Judge did find, as noted above, that Plaintiff's made a good faith attempt to obtain discovery without intervention. (ECF No. 82, PageID.2044).

4

Moreover, the Magistrate Judge found that "defendants pervasively asserted boilerplate, evasive objections" in response to Plaintiff's repeated requests for discovery and "have shown a total disregard for the Federal Rules of Civil Procedure." (ECF No. 82, PageID.2040, 2044-45). In light of the fact that "[t]he failure to substantially comply . . . [can] be overlooked in circumstances where the opposing party is unlikely to concur," *Khalil v. Transunion, LLC*, No. 08-10303, 2008 U.S. Dist. LEXIS 83520, at *9 (E.D. Mich. Oct. 20, 2008), the Magistrate Judge did not commit clear error by allowing Plaintiff's Motion [50] to proceed despite these technical deficiencies. *See also Murphy*, 2011 U.S. Dist. LEXIS 136102, at *4 ("The Court cannot find that the magistrate judge's order absolving the plaintiff from compliance with Local Rule 7.1(a) amounts to clear error.").

Lastly, FED. R. CIV. P. 37(a)(5)(A)(i) prohibits a court from ordering payment of reasonable expenses following a motion to compel where "the movant filed . . . before attempting in good faith to obtain the disclosure or discovery without court action." As noted above, the Magistrate Judge found, and this Court agrees, that Plaintiff *did* make a good faith effort to secure the requested discovery from Defendants before filing her Motion [50]. Accordingly, Plaintiff is not precluded by FED. R. CIV. P. 37(a)(5)(A)(i) from recouping reasonable expenses and the Magistrate Judge did not commit clear error by ordering as such.

## CONCLUSION

Since this action was initiated, Defendants and Plaintiff have each repeatedly failed to adhere to various provisions of the Federal Rules of Civil Procedure and Local Rules. Moving forward, the Court urges both parties to afford these procedural requirements greater deference.


Accordingly,

**IT IS ORDERED** that Defendants' Objections [82] are **OVERRULED**.

**SO ORDERED**.


<table>
<tr><td></td><td>s/Arthur J. Tarnow</td></tr>
<tr><td></td><td>Arthur J. Tarnow</td></tr>
<tr><td>Dated: November 23, 2020</td><td>Senior United States District Judge</td></tr>
</table>

6